UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 107.139.35.79,<br><br>Defendant. | Case No. 26-cv-03473-ASK<br><br>**ORDER RE: EX PARTE APPLICATION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE**<br><br>Re: Dkt. No. 8 |

Now pending before the Court is Plaintiff's Ex-Parte Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (the "Application"). Dkt. 8. The Court, having reviewed Plaintiff's submission and proposed subpoena, rules as set forth below.

1. Plaintiff has established that "good cause" exists for it to serve a third-party subpoena on AT&T (hereinafter the "ISP"). *See UMG Recording, Inc. v. Doe*, 2008 WL 4104214, \*4 (N.D. Cal. 2008); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6–7 (D.D.C. 2008).

2. Plaintiff may serve the ISP with a Rule 45 subpoena, in the form previously submitted to the Court, *see* Dkt. 8-2, commanding the ISP to provide Plaintiff with the true name and address of the defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. *See* Dkt. 1-1. Plaintiff shall attach to any such subpoena a copy of this Order.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to Defendant.

4. Plaintiff may only use the information disclosed in response to the Rule 45 subpoena served on the ISP for the purpose of this action.

5. **The ISP shall serve a copy of the subpoena and a copy of this Order on the**

United States District Court
Northern District of California

**subscriber within 30 days of the date of service on the ISP.** *See* 47 U.S.C. § 551(c)(2)(B) ("A cable operator may disclose such [personally identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."). The ISP may serve the subscriber using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

6.  Each subscriber and the ISP shall have **30 days** from the date of service upon him, her, or it to file any motions in this Court contesting the subpoena (including a motion to quash or modify the subpoena). If the 30-day period lapses without the subscriber contesting the subpoena, the ISP shall have 10 days to produce to Plaintiff the information responsive to the subpoena with respect to that subscriber. The ISP shall not produce information to Plaintiff in response to the subpoena before the expiration of the above 40-day period.

7.  The ISP shall preserve all subpoenaed information pending the ISP's delivering such information to Plaintiff or the final resolution of a timely-filed motion to quash the subpoena with respect to such information.

8.  Any name or other personal identifying information of any current or proposed defendant shall be filed **UNDER SEAL** in all court filings.

**IT IS SO ORDERED.**

Dated: May 21, 2026

AJAY KRISHNAN
United States Magistrate Judge